# CHARLESTON.

STATE v. THOMAS E. CASCIE

(No. 5746)

Submitted April 12, 1927.   Decided April 19, 1927.

LARCENY—*Where Taking is Admitted; But Intent to Steal Denied, Inferences From Circumstances, Including Defendant's Explanations, Are Primarily Jury Questions (Code, c. 145, § 27).*

Where, on a charge of larceny of personal property, the taking is admitted, but the intent to steal is denied, on such question of intent, the inferences to be drawn from all the attendant circumstances, including such explanations as the defendant can and does offer for his act, are questions primarily for the jury.

(Larceny, 36 C. J. §§ 516, 528.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Summers County.

Thomas E. Cascie was convicted of larceny, and he brings error.

*Affirmed.*

*Thomas N. Read* and *Thos. Leigh Read,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *J. Luther Wolfe,* Assistant Attorney General, for the State.

WOODS, JUDGE:

The defendant in this case was indicted in the circuit court of Summers county for the larceny of a Ford roadster automobile of the value of $419.00. He was later convicted of the charge and sentenced to a term in the penitentiary.

The defendant admits the taking of the car, but denies any intent of stealing the same, or of appropriating it to his own use. The evidence of his conduct at the time of the taking and afterwards as bearing on the matter of intent was very conflicting. The Ford roadster was the property of one G. H. Noble, Jr., an acquaintance of defendant, and on the night of the alleged larceny (Saturday, February 7, 1926) was parked on one of the principal streets of Hinton, and within the radius of a large arch light. Defendant, a young man of twenty-one years of age, had been drinking, and about midnight, bought a key of a nearby Ford dealer and took the car, which he drove around over the main section of Hinton several times. He picked up a friend and took him home. After obtaining additional liquor, he conceived the idea of driving to Princeton to visit his sweetheart. He took a round about way; got stuck in the mud; paid a party (a witness) by check, signing his own name, for pulling him out of the mud; and proceeded in the car until he reached Peterstown (near Virginia line). At this latter place he was informed that the road to Princeton was impassable. Up to this time all of his actions seem to have been open. But after storing the car he gave the name of another party to the garage man, and borrowed $10.00 to get to Princeton. This fact may have

been weighed against him by the jury. He was in Princeton until sometime Tuesday. He returned to Hinton that evening and learned that he was accused of the larceny of the car, and for some unexplained reason he left on the train on the following afternoon for Norfolk, Virginia. This also probably militated against the defendant with the jury.

In the present case there is no bill of exceptions embodying the several rulings of the court in regard to the admission and rejection of evidence complained of, and there is nothing in the record to show that the same were pointed out in any way to the trial court upon motion to set aside the verdict. *State* v. *Henderson,* 103 W. Va. 361, *State* v. *Homer Male,* 103 W. Va. 355.

This leaves but two questions for consideration by this Court, namely: (1) The instructions, and (2) whether the verdict was contrary to the law and the evidence.

The State offered no instructions. The defendant offered seven. Three were given as drafted, and the other four were amended in minor particulars and given as amended. We have given these latter instructions our careful consideration, and find that there is nothing contained in them that would amount to reversible error.

Was the verdict contrary to the law and the evidence? The taking is admitted, but the intent to steal is denied. The only question before the jury for their determination was whether defendant intended to deprive the owner of his property. As we have shown, some of defendant's actions would tend to make it unlawful taking under § 27, Chapter 145, Code, while his actions in giving another man's name, borrowing money on the car, and in leaving the State, tended to show an intent to take and deprive another of his property. The minds of the jury were directed to this particular question of intent by a proper instruction. But on the question of the character of the taking, the inferences to be drawn from all the attendant circumstances, including such explanations as the defendant could and did offer, are questions of fact primarily for the jury, 36 C. J. 921. Upon such an inquiry, the attendant circumstances are necessarily of controlling weight, and

such, in this case, as in our judgment to prevent a court from interfering with the jury's decision. We must therefore affirm the judgment.

*Affirmed.*